IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Monique Foley, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   16 C 8359 |
| BCA Financial Services, Inc., a Florida corporation, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Monique Foley, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant resides and transacts business here.

### PARTIES

3. Plaintiff, Monique Foley ("Foley"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendant attempted to collect a delinquent consumer debt that she allegedly owed to Advocate Christ Medical Center for medical services.

4. Defendant, BCA Financial Services, Inc. ("BCA"), is a Florida corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. In fact, BCA was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant BCA is authorized to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Defendant conducts business in Illinois.

6. Defendant BCA is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Department of Professional Regulation, attached as Exhibit B. In fact, Defendant acts as a collection agency in Illinois.

**FACTUAL ALLEGATIONS**

7. On February 14, 2013, Mrs. Foley and her husband filed a Chapter 13 bankruptcy petition in a matter styled In re: Foley, N.D. Ill. Bankr. No. 13-05514; their bankruptcy was thereafter converted to a Chapter 7 on August 25, 2015. Among the creditors listed on the Foleys' Schedule of Post-Petition Debts that were included in the converted bankruptcy were debts she allegedly owed to Advocate Christ Medical Center, see, Schedule attached as Exhibit C.

8. Accordingly, on August 29, 2015, Advocate Christ Medical Center was sent, via U.S. Mail, notice of the bankruptcy by the court, see, Certificate of Service to the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadlines, which is

attached as Exhibit D.

9. Mr. and Mrs. Foley received a discharge of their debts on December 8, 2015, and on December 10, 2015 Advocate Christ Medical Center was sent notice of this discharge via U.S. Mail, see, Certificate of Service to the Discharge of Debtors, which is attached as Exhibit E.

10. Plaintiff's bankruptcy is a matter of public record, is on her credit reports, is in the files on the creditor hospital and is readily discoverable by any competent debt collector via one of the bankruptcy "scrub" services such as Lexis/Nexis' Banko.

11. Nonetheless, Defendant BCA sent Mrs. Foley a collection letter, dated August 4, 2016, demanding payment of an August 13, 2014 debt to Advocate Christ Medical Center, which she allegedly owed prior to the bankruptcy. A copy of this collection letter is attached as Exhibit F.

12. Defendant's violations of the FDCPA were material because, Defendant's continued collection communications after Mrs. Foley had received her bankruptcy discharge made her believe that her exercise of her rights through filing bankruptcy may have been futile and that she did not have the right to a fresh start that Congress had granted her under the FDCPA and the Bankruptcy Code.

13. All of Defendant BCA's collection actions at issue in this matter occurred within one year of the date of this Complaint.

14. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
## Violation Of § 1692e Of The FDCPA --
## Demanding Payment Of A Debt That Is Not Owed

15. Plaintiff adopts and realleges ¶¶ 1-14.

16. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

17. Demanding payment of a debt that is no longer owed, due to a bankruptcy, is false and/or deceptive or misleading, in violation of § 1692e of the FDCPA, see, Randolph v. IMBS, Inc., 368 F3d 726, 728-730 (7th Cir. 2004).

18. Defendant BCA's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692c(c) Of The FDCPA --
## Failure To Cease Communications And Cease Collections

19. Plaintiff adopts and realleges ¶¶ 1-14.

20. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay, see, 15 U.S.C. § 1692c(c).

21. Here, the bankruptcy and the notices issued by that court (Exhibits D and E) provided notice to cease communications and cease collections. By communicating regarding this debt and demanding payment (Exhibit F), Defendant violated § 1692c(c)

4

of the FDCPA.

22. Defendant BCA's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Monique Foley, prays that this Court:

1. Find that Defendant BCA's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Foley, and against Defendant, for actual and statutory damages;

3. Award Plaintiff her costs and reasonable attorneys' fees; and,

4. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Monique Foley, demands trial by jury.

                Monique Foley,

                By:/s/ David J. Philipps___
                One of Plaintiff's Attorneys

Dated: August 25, 2016

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com

5